# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5208 | **DATE** | 9/3/2002 |
| **CASE TITLE** | Beck Systems, Inc. vs. Novadigm, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. Defendant Novadigm, Inc.'s motion to strike the first and second affirmative defenses of plaintiff Beck Systems, Inc. is granted. The plaintiff's first affirmative defense is stricken with prejudice and the plaintiff's second affirmative defense is stricken without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

3
number of notices

SEP 04 2002
date docketed

6.4.
docketing deputy initials

9/3/2002
date mailed notice

TH
mailing deputy initials

Document Number

61

courtroom deputy's initials TH✓

U.S. DISTRICT COURT
02 SEP -3 PM 5: 25

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

SEP 0 4 2002

BECK SYSTEMS, INC., )
)
    Plaintiff, )
)
    vs. )    No. 01 C 5208
)    Judge Blanche Manning
NOVADIGM, INC. a Delaware )    Edward A. Bobrick,
corporation, )    Magistrate Judge
)
    Defendants. )

## MEMORANDUM ORDER

Before the court is the motion of defendant Novadigm, Inc. ("Nova") to strike the first and second affirmative defenses of plaintiff Beck Systems, Inc. ("Beck").

Beck began this case by filing an action alleging that Nova infringed three patents. Nova answered and filed a counterclaim for declaratory judgment that the patents were invalid, not infringed, and unenforceable due to Beck's allegedly inequitable conduct during the patent prosecution. Beck replied, raising the affirmative defenses of "unclean hands" and "failure to state a claim." Now, Nova seeks an order striking these affirmative defenses under Fed.R.Civ.P. 12(f).

Under Fed.R.Civ.P. 12(f), "the court may order stricken from any pleading any insufficient defense . . ." While courts have generally disfavored motions to strike affirmative defenses, such motions will be granted if the affirmative defenses are "patently defective and could not succeed under any circumstances." *Codest Engineering v. Hyatt Intern. Corp.*, 954 F.Supp. 1224, 1228 (N.D.Ill. 1996). A defense is tested under the same



*Intern. Corp.*, 954 F.Supp. 1224, 1228 (N.D.Ill. 1996). A defense is tested under the same standard applicable to claims under Fed.R.Civ.P. 12(b)(6): whether it would be impossible for the defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint. *Id.* Thus, affirmative defenses must set forth a "short and plain statement" of the defense. *Id.* If an affirmative defense is insufficient on its face or comprises no more than "bare bones conclusory allegations," it must be stricken. *Id.*

We begin with the affirmative defense of "unclean hands" or, more specifically in this case, "willful infringement." The doctrine of "unclean hands" simply means that equitable relief will be refused if it would give the plaintiff a wrongful gain. *Scheiber v. Dolby Laboratories, Inc.*, 293 F.3d 1014, 1021 (7th Cir. 2002). "Today, 'unclean hands' really just means that in equity as in law the plaintiff's fault, like the defendant's, is relevant to the question of what if any remedy the plaintiff is entitled to. An obviously sensible application of this principle is to withhold an equitable remedy that would encourage or reward (and thereby encourage) illegal activity . . ." *Id. quoting Shondel v. McDermott*, 775 F.2d 859, 868 (7th Cir. 1985). In the instant case, Beck's assertion of the defense is problematic. First, as already noted, Beck filed suit alleging that Nova infringed three patents. Then, Nova counters by seeking a declaratory judgment that those patents were invalid. Finally, Beck responds by claiming Nova is not entitled to a declaratory judgment because, again, it willfully infringed the patents. The effect is that of a legal rock-paper-scissors game. As Nova argues, the defense appears to be superfluous: if the patents are invalid, there can be no infringement, willful or otherwise.

Indeed, Beck has already presented its infringement claims in its complaint; presenting them again in response to a counterclaim would seem to be a needless echo.

Beck does not have a convincing response to this argument. It simply states that Nova cannot come into equity because its own hands are tainted by its acts of willful infringement; but those hands are not tainted, of course, if the patents are invalid. Beck also argues that the court may "consider the conduct of a willful infringer as a factor in determining whether an act of inequitable conduct isolated to one patent should extend to all related patents, and thereby permit a willful infringer to continue infringing the related patents." (*Beck's Memorandum in Opposition to Nova's Motion to Strike,* at 6). To support this contention, it cites three cases: *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.,* 910 F.2d 804, 809-12 (Fed Cir. 1990); *Baxter Int'l, Inc. v. McGaw, Inc.,* 149 F.3d 1321, 1330-32 (Fed. Cir. 1998); and *SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n,* 718 F.2d 365, 378-79 (Fed.Cir. 1983). All three of these cases, however, dealt with whether inequitable conduct in procuring one patent invalidates related patents. That has little if anything to do with the argument that willfully infringing one patent renders other invalid patents enforceable.

In *Cardinal Chemical Co. v. Morton International, Inc,* 508 U.S. 83, 96, 113 S.Ct. 1967, (1993), the Supreme Court held that the issue of validity is not mooted when a finding of noninfringement is made or affirmed. Among other factors, the court noted that there was a strong public interest in the resolution of questions regarding patent validity, aa well as policy consideration against prolonging the life of invalid patents. *Cardinal*

*Chemical*, 508 U.S. at 100-102, 113 S.Ct. at 1977-78. Thus, here, Beck is essentially proposing the opposite: that a finding of infringement could somehow trump the question of invalidity. For the sake of exposition, assume that, of the three patents-in-suit, only one is invalid and unenforceable. Assume, too, that Nova willfully infringed the other two enforceable patents. As Beck would have it, Nova's willful infringement of those two patents would somehow render the invalid patent enforceable. Clearly, as Nova argues, this is nonsensical. *See Sandt Technology, Ltd. v. Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1356 (Fed. Cir. 2001) (determination that patent is invalid renders issue of infringement moot). Even if there were willful infringement of one patent, public interest would not allow the life of another invalid patent to be prolonged as some sort of punishment to the willful infringer. Beck's affirmative defense of unclean hands is, therefore, stricken with prejudice.

The other affirmative defense at issue is "failure to state a claim." Nova's motion to strike and Beck's affirmative defense present a familiar problem. *See, e.g. Sayad v. Dura Pharmaceuticals, Inc.*, 200 F.R.D. 419, 422-23 (N.D.Ill. 2001); *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 803 (N.D.Ill. 2000). Under Fed.R.Civ.P. 12(b), "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . ." Thus, the federal rules specifically allow for pleading the "failure to state a

claim" as a defense, although, technically, it may not be an "affirmative" because "a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense." *Instituto Nacional v. Continental Illinois Nat. Bank and Trust Co.*, 576 F.Supp. 985, 991 (N.D.Ill.1983). In addition, there is the tension between the requirement that an affirmative defense comprise more than bare bones conclusory allegations, *Codest Engineering*, 954 F.Supp. at 1228, and Form 20 of the Appendix of Forms in the Federal Rules of Civil Procedure, which gives the following example of an appropriate defense to include in an answer to a complaint: "The complaint fails to state a claim against defendant upon which relief can be granted." Understandably, Beck followed this example in pleading its defense. While we are inclined to strike the affirmative defense, given these contradictory directions, we find that fairness dictates that Beck be allowed to replead it with more particularity.

## CONCLUSION

For the forgoing reasons, the plaintiff's first affirmative defense is stricken with prejudice and the plaintiff's second affirmative defense is stricken without prejudice.

ENTERED: _____

Edward A. Bobrick
U.S. Magistrate Judge

DATE: September 3, 2002